UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHELLE LYNN DUNFEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-549-MGG |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Michelle Lynn Dunfee ("Dunfee") filed his complaint in this Court seeking judicial review of the Social Security Commissioner's final decision to deny her application for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This Court may enter a ruling in this matter based on the parties' consent pursuant to 28 U.S.C. § 636(b)(1)(B) and 42 U.S.C. § 405(g). For the reasons discussed below, this Court **REMANDS** the decision of the Commissioner for further proceedings consistent with this opinion.

**I.  PROCEDURE**

On February 5, 2013, Dunfee protectively filed applications for DIB and SSI pursuant to 42 U.S.C. § 423 alleging disability beginning August 25, 2011.[1] On February 9, 2015, a hearing was held before an administrative law judge ("ALJ"). On February 20,

---

[1] Regulations governing applications for DIB and SSI are almost identical and are found at 20 C.F.R. § 404 and 20 C.F.R. § 416 respectively. Therefore, this order will only refer to 20 C.F.R. § 404 for efficiency.

2015, the ALJ issued his decision denying Dunfee's application for DIB and SSI having found that she was not disabled as defined by the Social Security Act. On June 22, 2016, the Appeals Council denied Dunfee's request for review, making the ALJ's decision the final decision of the Commissioner.

On July 13, 2017, Dunfee filed a complaint in this Court seeking judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). On December 18, 2017, Dunfee filed her opening brief. Thereafter, on January 16, 2018, the Commissioner filed a responsive memorandum asking the Court to affirm the decision denying Dunfee's benefits. Dunfee filed her reply brief on January 30, 2018.

Through the instant complaint, Dunfee seeks reversal or remand of the ALJ's decision arguing that the ALJ's determination her Residual Functional Capacity ("RFC") was unsupported by substantial evidence for two reasons. First, Dunfee argues that the ALJ failed to include specific limitations in her RFC to account for her moderate difficulties with concentration, persistence, and pace. Second, Dunfee contends that the ALJ failed to give the opinion of Dunfee's primary care physician controlling weight without articulating evidence in support. As a result of these alleged shortcomings in the ALJ's RFC determination, Dunfee also contends that the ALJ's Step Five hypothetical presented to the Vocational Expert ("VE") was incomplete such that his conclusion about the jobs Dunfee is able to perform is not supported by substantial evidence.

The Commissioner opposes all of Dunfee's arguments.

## II. ANALYSIS

### A. Standard of Review

On judicial review, the Social Security Act requires that the Court accept the Commissioner's factual findings as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Thus, substantial evidence is simply "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). Thus, the question upon judicial review is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). The ALJ must build a logical bridge from the evidence to his conclusion and a reviewing court is not to substitute its own opinion for that of the ALJ, or to re-weigh the evidence. *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

Minimally, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2005). However, the ALJ need not specifically address every piece of evidence in the record to present the requisite "logical bridge" from evidence to his conclusions. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010). The ALJ must provide a glimpse into the reasoning behind his analysis and the decision to deny benefits. *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

### B. Limitations in Concentration, Persistence, and Pace

In analyzing the Paragraph B Criteria as part of his Step 3 Listing analysis, the ALJ concluded in part that Dunfee's severe mental impairments, namely her history of ADHD and the residual effects of chemotherapy for her breast cancer, have caused her moderate difficulties in concentration, persistence, and pace. [DE 11 at 31]. After finding that none of Dunfee's severe impairments met or medically equalled the severity of any Listing, the ALJ determined that Dunfee retains the RFC

> to perform sedentary work . . . except she is limited to frequent handling, fingering, and reaching, and occasional climbing of ramps and stairs, balancing, kneeling, crouching, crawling, and stooping. She can have only occasional exposure to extreme heat and extreme cold and no concentrated exposure to atmospheric conditions, including pulmonary irritants. The claimant is limited to simple, routine, and repetitive tasks with only occasional changes in the work setting and no fast production pace.

[DE 11 at 32].

4

On appeal to this Court, Dunfee argues that the ALJ erred in defining her RFC because he failed to include specific limitations to account for her moderate difficulties in concentration, persistence, and pace. Specifically, Dunfee contends that the "simple, routine, repetitive tasks" limitation does not compensate for her memory issues, panic attacks, distractibility, difficulty with focus, and other problems stemming from her mental impairments. As such, Dunfee further contends that the VE was not properly oriented to her limitations when testifying at the hearing before the ALJ in response to the Step Five hypotheticals, which mirrored the ALJ's incomplete RFC.

An RFC is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p; *see also Irwin v. Colvin*, No. 1:12-CV-00803-TWP, 2013 WL 5309818, at *4 (S.D. Ind. Sept. 23, 2013). In assessing a claimant's RFC, the ALJ must consider all of the relevant evidence in the record, including evidence of impairments that are not severe. *Arnett v. Astrue*, 676 F.3d 586, 591–92 (7th Cir. 2012).

If a claimant is found to have specific limitations in maintaining concentration persistence and pace, those limitations must be spelled out in the RFC assessment and in the hypothetical posed to the VE. *Passig v. Colvin*, 224 F. Supp. 3d 672, 682 (S.D. Ill. 2016) (citing *Varga v. Colvin*, 794 F.3d 809 (7th Cir. 2015); *Capman v. Colvin*, 617 F. App'x 575 (7th Cir. 2015)). "If an ALJ identifies and excludes a specific work function that triggers the moderate limitations in concentration, persistence or pace, then the RFC

5

determination will be upheld." *Id.* However, an ALJ's RFC is not supported by substantial evidence when he "credit[s] a moderate impairment in concentration, persistence or pace, but fails to incorporate any moderate difficulties in mental functioning found in the record into the RFC and hypothetical presented to the VE. *Id.* Nevertheless, there is no *per se* requirement that the specific terminology "concentration, persistence or pace" be used in the Step Five hypotheticals presented to the VE. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). In most cases, however, the ALJ should "refer expressly to limitations on concentration, persistence or pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do." *Id.* at 620–21.

Here, Dunfee relies on *O'Connor-Spinner* and *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. 2009) to support her contention that specific limitations in maintaining concentration, persistence, or pace arising from her short term memory issues, panic attacks, distractibility, difficulty with focus, and other individualized problems should have been included in her RFC and the hypothetical presented to the VE. In *O'Connor-Spinner*, the Court held that the RFC and VE hypothetical restricting the claimant "to repetitive tasks with simple instructions" did not clearly eliminate positions that would pose significant barriers for someone with her specific problems of concentration, persistence, and pace resulting from her depression. 627 F.3d at 620. The court reached that conclusion after outlining multiple cases showing that a general limitation, similar to the "simple, routine, and repetitive tasks" restriction included in Dunfee's RFC, only

6

suffices in accounting for a claimant's moderate difficulties in concentration, persistence, and pace if it addresses the underlying cause of the claimant's difficulties. *Id.* at 619–20 (collecting cases). In *Stewart*, the court cited multiple additional examples of cases where a general limitation, like "simple, routine, and repetitive tasks," failed to account for a claimant's specific limitations in concentration, persistence, and pace." 561 F.3d at 684–85 (collecting cases). This is where the ALJ's decision falls short.

In his RFC analysis, the ALJ acknowledges Dunfee's allegations of problems with concentration, persistence, and pace based on her assorted cognitive symptoms. The ALJ cites Dunfee's own testimony and compares it to evidence in the record. The ALJ emphasizes evidence from multiple sources that suggests her symptoms arising from her mental impairments are stable as the result of treatments including medications and cognitive therapy. The ALJ also references Dunfee's activities of daily living from which he presumably infers that her limitations are not as severe as she contends. From this evidence and these inferences, the ALJ "limits [Dunfee] to simple, routine, and repetitive tasks with only occasional changes in the work setting and no fast production pace." [DE 11 at 37]. However, the ALJ's decision does not connect the stability of her symptoms or her activities of daily living to the "simple, routine, and repetitive tasks" limitation. Moreover, the ALJ does not explain why that stability or those activities of daily living discount Dunfee's acknowledged issues with short-term memory, panic attacks, distractibility, and focus.

Accordingly, this case is not analogous to *Parrott v. Astrue*, 493 F. App'x 801, 805 (7th Cir. 2012) despite the Commissioner's contention to the contrary. In *Parrott*, the ALJ

7

opined that the claimant was "moderately limited as to concentration, persistence, and pace" citing diagnoses of major depressive disorder and an anxiety disorder as well as testimony from a consulting psychologist that he was relatively stable. *Id.* at 603. Based on these facts, the ALJ only limited him generally to "detailed but not complex" tasks. *Id.* On appeal, the court upheld this language finding that it adequately accounted for moderate restrictions in concentration and no other limitations were required. *Id.* While the facts of *Parrott* may have presented a situation where the general limitation sufficiently accounted for the claimant's difficulties in concentration, persistence, and pace, the general limitation of "simple, routine, and repetitive tasks" used in Dunfee's RFC does not logically connect with the evidence thoroughly reviewed by the ALJ. Therefore, remand is appropriate to ensure that all of Dunfee's limitations in concentration, persistence, and pace are included in the RFC and VE hypothetical and that the ALJ's articulates clearly the connection between the record and limitations.

### C. Treating Physician Opinion

Dunfee's second argument is that the ALJ's RFC determination is not supported by substantial evidence because he erred in weighing and evaluating the treating physician opinion evidence from Dunfee's primary care physician, Dr. Bjonback. Specifically, Dunfee contends that the ALJ rejected the disabling limitations included in Dr. Bjonback's medical source statement without an explanation, thus violating the treating physician rule.

Indeed, a treating source's opinion must be given controlling weight if it is not inconsistent with the medical record as a whole. 20 C.F.R. § 404.1527(c)(2). The ALJ can

reject a treating source's opinion only if his reasons are supported by substantial evidence. *Id.* When a treating source opinion is not given controlling weight, the ALJ must consider the length of treatment, nature and extent of the treatment relationship, supportability of the opinion, consistency with other evidence of record, and any other factors that support the opinion. 20 C.F.R. § 404.1527(c).

Here, the ALJ opined: "While the undersigned does not give [Dr. Bjonback's] opinion controlling weight, the undersigned agrees with most of the limitations regarding postural activities, exposure to environmental elements, and hazards." [DE 11 at 38]. Yet, without an explanation, the ALJ failed to include exertional and manipulative limitations, identified by Dr. Bjonback in his January 30, 2015, Medical Source Statement [DE 11 at 465–70] and related to pushing/pulling; sitting, standing, or walking; and handling and fingering in Dunfee's RFC. Notably, the Commissioner concedes that the ALJ violated the treating physician rule by rejecting some of the limitations identified by Dr. Bjonback without explanation. The Commissioner, however, contends the error was harmless because the ALJ posed a hypothetical to the VE that included the relevant limitations from which the VE opined that Dunfee was would still be capable of sedentary work such that she would not be deemed disabled.

Assuming without deciding that this error by the ALJ was harmless as the Commissioner argues, remand might be avoided if this were the only error by the ALJ. *See Parker v. Astrue,* 597 F.3d 920, 924 (7th Cir. 2010). However, the ALJ also erred in his RFC analysis by failing to provide a sufficiently specific logical bridge from Dunfee's moderate difficulties in concentration, persistence, and pace to the general "simple,

9

routine, and repetitive tasks" limitation as discussed above. With remand necessary to address that error, the Court need not determine here whether the ALJ's error in applying the treating physician rule was harmless or not. Instead, the Court directs the Commissioner to comply with the treating physician rule on remand.

### III. CONCLUSION

For the above reasons, the Court concludes that remand is warranted to address (1) the lack of logical bridge between the ALJ's conclusion that Dunfee has moderate difficulties in concentration, persistence, and pace and the general "simple, routine, and repetitive tasks" limitation in Dunfee's RFC; and (2) the lack of rationale for discounting the weight given to the opinion of Dunfee's treating physician, Dr. Bjonback. Accordingly, Dunfee's motion for reverse or remand is **GRANTED**. This case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Opinion and Order. The Clerk is instructed to term the case and enter judgment in favor of Dunfee.

**SO ORDERED.**

Dated this 24th day of August 2018.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge